UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNY JOSE MEDINA ALVAREZ,
(A Number 246-141-650)

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-1293-DC-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Denny Jose Medina Alvarez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing his re-detention without a hearing violated the Fifth Amendment. (ECF No. 1.) For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, and this case be closed.

Petitioner is a Venezuelan national. (ECF No. 1, ¶ 21.) On or about October 3, 2022, Petitioner entered the United States without inspection and was apprehended by United States Border Patrol. (Id.) Petitioner was briefly detained and then released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). (Id.) Petitioner was told to report to Immigration and Customs Enforcement ("ICE") within sixty days of his release from detention. (Id.) Petitioner did so, and ICE gave him a report date of October 7, 2025. (Id.)

Petitioner then settled in Dallas, Texas, and moved in with his brother and sister's families. (Id.) Petitioner is the sole provider for his daughter and step-son and works as an

1

assistant to an electrician. (Id. at ¶ 24.)

On November 20, 2024, Petitioner submitted an I-821 – Application for Temporary Protected Status ("TPS") pursuant to the 2023 TPS designation of Venezuela ("2023 Designation"). (ECF No. 1-1 at 2.) On December 30, 2024, Petitioner received an approval notice from U.S. Customs and Immigration Services ("USCIS") confirming his TPS status and indicating it was valid through April 2, 2025. (Id.) Petitioner's status was thereafter extended through October 2, 2026. (ECF No. 1 at 6; see ECF No. 14 at 8 n.3.)

On October 7, 2025, Petitioner reported to the ICE office in Dallas, Texas, and was then detained. (Doc. No. 1 at ¶ 25.)

On February 13, 2026, Petitioner filed the pending petition for writ of habeas corpus along with a motion for temporary restraining order ("TRO"). Respondents filed a combined opposition to the motion for TRO in which they also opposed the pending petition. (ECF No. 10.)

On February 17, 2026, the district judge assigned to this case converted the motion for TRO into a motion for a preliminary injunction and granted the motion, finding "in light of Petitioner's TPS, Petitioner is likely to succeed on the merits of his claim that he was detained in violation of Section 1254a of the TPS statute." (ECF No. 14 at 8.) The district judge explained "[t]he statute is clear—an individual provided TPS must not be detained based on their immigration status. (Id.) The district judge referred this matter to the undersigned for further proceedings. (Id. at 12.)

Respondents have agreed to have the court rule on the petition without further briefing (ECF No. 10 at 2.) Where the record before the district court has not changed since the district judge's ruling on the motion for a temporary injunction and preliminary injunction, the undersigned recommends the petition be granted. Petitioner has active TPS and shall not be detained on the basis of immigration status. See 8 U.S.C § 1254a(d)(4). The petition for writ of habeas corpus should be granted based on a finding that Petitioner's Fifth Amendment due process rights were violated when ICE detained Petitioner in violation of 8 U.S.C § 1254a(d)(4). Because the resolution of the due process claim provides the relief requested, the court need not reach the other claims. The undersigned recommends the petition be granted and a permanent

injunction be issued on the same terms as the preliminary injunction.

In accordance with the above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas corpus be GRANTED.

2. The preliminary injunctive relief previously granted (ECF No. 14) be made permanent.

3. The Clerk of Court be directed to enter judgment for Petitioner, Denny Jose Medina Alvarez, A Number 246-141-650, and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 16, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 alva1283.mer